

NOV - 2 2007
NOV 2 2007
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| THOMAS KRULL, D.D.S., P.C., | ) | **07CV6215** |
| | ) | |
| Plaintiff, | ) | **JUDGE CONLON** |
| | ) | **MAG. JUDGE COX** |
| v. | ) | |
| | ) | |
| BRASSELER U.S.A., INC., | ) | |
| and  JOHN DOES 1-10 | ) | |
| | ) | |
| Defendants. | ) | |

## NOTICE OF REMOVAL

Defendant, Brasseler U.S.A., Inc., through its undersigned attorneys, pursuant to 28

U.S.C. §§1446 and 1453(b), hereby removes the above-captioned action, pending in the Circuit

Court of Cook County, Illinois, as Case No. 07 CH 27450, to the United States District Court for

the Northern District of Illinois. Removal is based upon 28 U.S.C. §§ 1331 and 1441.

As grounds for removal, Publication Resources states as follows:

1.     Plaintiff Thomas Krull, on behalf of himself and purportedly for a class of those

similarly situated, filed a complaint with the Circuit Court of Cook County, Illinois (the "State

Court Case"). The State Court Case was given Case No. 07 CH 27450.

2.     The State Court Case alleges a violation of the federal Telephone Consumer

Protection Act of 1991, 47 U.S.C. §227 ("TCPA"), violation of the Illinois Consumer Fraud

Action ("ICFA"), 815 ILCS 505/2, et seq., and a common law claim for conversion. A true copy

of the Complaint, together with its exhibits, and all process and pleadings served is attached

hereto as Exhibit A.

3.     This Court has jurisdiction over Plaintiff's putative class action because it arises

under the laws of the United States, specifically the TCPA.

4.    The State Court Case alleges that Defendant violated §227(b)(1)(C) of the TCPA by sending an unsolicited facsimile. Plaintiff further alleges that §227(b)(3) provides Plaintiff with a private right of action for violations of the TCPA.

5.    This Court possesses original jurisdiction over all cases arising under the laws of the United States. 28 U.S.C. §1331. In the State Court Case, Plaintiff seeks recovery under the TCPA, a federal statute. See, Brill v. Countrywide Home Loans, Inc., 427 F.3d 446, 449-51 (7th Cir. 2005).

6.    This Court possesses removal jurisdiction under 28 U.S.C. §1441. TCPA actions may be removed because a claim that a business violated the TCPA is a claim under federal law. See, Brill at 449.

7.    This Court has supplemental jurisdiction over Plaintiff's ICFA and common law conversion claims because they are so related to the TCPA claim that they form part of the same cause or controversy. See, 28 U.S.C. §1367. Supplemental jurisdiction should not be refused, as Plaintiff's claims raise no novel or complex issue of state law, nor do Plaintiff's state or common law claims predominate over its federal claim. See, 28 U.S.C. §1367(c).

8.    Plaintiff filed the State Court Case on September 21, 2007. On October 4, 2007, Brasseler U.S.A., Inc., served with the Summons and Complaint in the State Court Case on 07 CH 27450.

9.    As such this notice is being filed with the U.S. District Court for the Northern District of Illinois on November 2, 2007 within 30 days of determining that the case was removable to this Court. See, 28 U.S.C. §1446(b).

10.    This Court is situated in the district and division serving the location of the action pursuant to 28 U.S.C. §1446(a).

11.    Brasseler U.S.A., Inc. is the only named defendant and the only defendant to have been served. Purported Defendants "John Doe Nos. 1-10" are unknown even to Plaintiff, and have not been served, nor any other summons issued.

12.    Defendant Brasseler U.S.A., Inc. has also filed its "Notice of Filing Notice of Removal" with the Circuit Court of Cook County. A true copy of the Notice is attached hereto as Exhibit B and will be served upon Plaintiff's counsel pursuant to 28 U.S.C. §1446(a) and (d).

13.    This Notice of Removal is signed in compliance with Fed. R. Civ. Pro. 11.

14.    In the event Plaintiff moves for remand, or this Court considers remand sua sponte, Brasseler U.S.A., Inc. respectfully requests the opportunity to submit supplemental authority, evidence and argument in support of removal, as may be appropriate.

WHEREFORE, this Action should proceed in the United States District Court for the Northern District of Illinois, as an action properly removed thereto.

DATED: November 2, 2007                    Respectfully Submitted,

                                          BRASSELER U.S.A., INC.
                                          Defendant,


                                          By:
                                                One of its Attorneys


Alan I. Becker  (00147524)
Stephanie W. Tipton (06270738)
LITCHFIELD CAVO, LLP
303 West Madison Street, Suite 300
Chicago, IL  60606
312-781-6622 (Becker)
312-781-6636 (Tipton)
312-781-6630 (fax)

Atty. No. 41106

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, CHANCERY DIVISION**

THOMAS KRULL, D.D.S., P.C.,              )
                                         )
    Plaintiff,                           )
                                         )
    v.                                   )
                                         )
BRASSELER U.S.A. INC.,                   )
and JOHN DOES 1-10,                      )
                                         )
    Defendants.                          )

07CH27450

## COMPLAINT – CLASS ACTION

## MATTERS COMMON TO MULTIPLE COUNTS

### INTRODUCTION

1.    Plaintiff Thomas Krull, D.D.S., P.C. brings this action to secure redress for the actions of defendant Brasseler U.S.A. Inc. in sending or causing the sending of unsolicited advertisements to telephone facsimile machines in violation of the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA"), the Illinois Consumer Fraud Act, 815 ILCS 505/2 ("ICFA"), and the common law.

2.    The TCPA expressly prohibits unsolicited fax advertising. Unsolicited fax advertising damages the recipients. The recipient is deprived of its paper and ink or toner and the use of its fax machine. The recipient also wastes valuable time it would have spent on something else. Unsolicited faxes prevent fax machines from receiving and sending authorized faxes, cause wear and tear on fax machines, and require labor to attempt to identify the source and purpose of the unsolicited faxes.

1



## PARTIES

3.      Plaintiff Thomas Krull, D.D.S., P.C. is a corporation with offices at 6320 West 159th Street, Suite B, Oak Forest, IL 60452 where it maintains telephone facsimile equipment.

4.      Defendant Brasseler U.S.A. Inc., is a Georgia corporation that has offices at One Brasseler Blvd., Savannah, GA 31419. Its registered agent and office are Lisa Larue 4837 McGrath Street, Suite J, Ventura, CA 93003.

5.      Defendants John Does 1-10 are other natural or artificial persons that were involved in the sending of the facsimile advertisements described below. Plaintiff does not know who they are.

## JURISDICTION AND VENUE

6.      Personal jurisdiction exists under 735 ILCS 5/2-209, in that defendants:

a.      Have committed tortious acts in Illinois by causing the transmission of unlawful communications into the state.

b.      Have transacted business in Illinois.

## FACTS

7.      On February 22, 2007, plaintiff received the unsolicited fax advertisement attached as Exhibit A on its facsimile machine.

8.      On July 5, 2007, plaintiff received the unsolicited fax advertisement attached as Exhibit B on its facsimile machine.

9.      On August 7, 2007, plaintiff received the unsolicited fax advertisement attached as Exhibit C on its facsimile machine.

2

10.     Discovery may reveal the transmission of additional faxes as well.

11.     Defendant Brasseler U.S.A. Inc. is responsible for sending or causing the sending of the faxes.

12.     Defendant Brasseler U.S.A. Inc. as the entity whose products or services were advertised in the faxes, derived economic benefit from the sending of the faxes.

13.     Plaintiff had no prior relationship with defendant and had not authorized the sending of fax advertisements to plaintiff.

14.     On information and belief, the faxes attached hereto were sent as part of a mass broadcasting of faxes.

15.     On information and belief, defendants have transmitted similar unsolicited fax advertisements to at least 40 other persons in Illinois.

16.     There is no reasonable means for plaintiff or other recipients of defendants' unsolicited advertising faxes to avoid receiving illegal faxes.  Fax machines must be left on and ready to receive the urgent communications authorized by their owners.

## COUNT I – TCPA

17.     Plaintiff incorporates ¶¶ 1-16.

18.     The TCPA makes unlawful the "use of any telephone facsimile machine, computer or other device to send an unsolicited advertisement to a telephone facsimile machine ..." 47 U.S.C. §227(b)(1)(C).

19.     The TCPA,  47 U.S.C. §227(b)(3), provides:

**Private right of action.**

**A person or entity may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State–**

3

(A)  an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,

(B)  an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or

(C)  both such actions.

If the Court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under the subparagraph (B) of this paragraph.

20.    Plaintiff and each class member suffered damages as a result of receipt of the unsolicited faxes, in the form of paper and ink or toner consumed as a result. Furthermore, plaintiff's statutory right of privacy was invaded.

21.    Plaintiff and each class member is entitled to statutory damages.

22.    Defendants violated the TCPA even if their actions were only negligent.

23.    Defendants should be enjoined from committing similar violations in the future.

## CLASS ALLEGATIONS

24.    Plaintiff brings this claim on behalf of a class, consisting of (a) all persons and entities with Illinois fax numbers (b) who, on or after a date four years prior to the filing of this action (28 U.S.C. §1658), or such shorter period during which faxes were sent by or on behalf of defendant Brasseler U.S.A. Inc., and on or before a date 20 days following the filing of this action, (c) were sent faxes by or on behalf of defendant Brasseler U.S.A. Inc. promoting its goods or services for sale (d) and with respect to whom defendant cannot provide evidence of express consent or an established business relationship prior to the faxing.

4

25.     The class is so numerous that joinder of all members is impractical. Plaintiff alleges on information and belief that there are more than 40 members of the class.

26.     There are questions of law and fact common to the class that predominate over any questions affecting only individual class members.  The predominant common questions include:

a.     Whether defendants engaged in a pattern of sending unsolicited fax advertisements;

b.     The manner in which defendants compiled or obtained their list of fax numbers;

c.     Whether defendants thereby violated the TCPA;

d.     Whether defendants thereby engaged in unfair  acts and practices, in violation of the ICFA.

e.     Whether defendants thereby converted the property of plaintiff.

27.     Plaintiff will fairly and adequately protect the interests of the class. Plaintiff has retained counsel experienced in handling class actions and claims involving unlawful business practices.  Neither plaintiff nor plaintiff's counsel have any interests which might cause them not to vigorously pursue this action.

28.     A class action is an appropriate method for the fair and efficient adjudication of this controversy.  The interest of class members in individually controlling the prosecution of separate claims against defendants is small because it is not economically feasible to bring individual actions.

29.     Several courts have certified class actions under the TCPA.  Travel 100

5

Group, Inc. v. Empire Cooler Service, Inc., 03 CH 14510 (Cook Co. Cir. Ct., Oct. 19, 2004);

Rawson v. C.P. Partners LLC, 03 CH 14510 (Cook Co. Cir. Ct., Sept. 30, 2005); ESI Ergonomic

Solutions, LLC v. United Artists Theatre Circuit, Inc., 50 P.3d 844 (Ariz. App. 2002); Core

Funding Group, LLC v. Young, 792 N.E.2d 547 (Ind.App. 2003); Nicholson v. Hooters of

Augusta, Inc., 245 Ga.App. 363, 537 S.E.2d 468 (2000) (private class actions); see State of

Texas v. American Blast Fax, Inc., 164 F. Supp. 2d 892 (W.D. Tex. 2001) (state enforcement

action).

        30.    Management of this class action is likely to present significantly fewer

difficulties that those presented in many class actions, e.g. for securities fraud.

        WHEREFORE, plaintiff requests that the Court enter judgment in favor of

plaintiff and the class and against defendants for:

        a.    Actual damages;

        b.    Statutory damages;

        c.    An injunction against the further transmission of unsolicited fax

advertising;

        d.    Costs of suit;

        e.    Such other or further relief as the Court deems just and proper.

## COUNT II – ILLINOIS CONSUMER FRAUD ACT

        31.    Plaintiff incorporates ¶¶ 1-16.

        32.    Defendants engaged in unfair acts and practices, in violation of ICFA § 2,

815 ILCS 505/2, by sending unsolicited fax advertising to plaintiff and others.

        33.    Unsolicited fax advertising is contrary to the TCPA and also Illinois law.

6

720 ILCS 5/26-3(b) makes it a petty offense to transmit unsolicited fax advertisements to Illinois residents.

34.    Defendants engaged in an unfair practice by engaging in conduct that is contrary to public policy, unscrupulous, and caused injury to recipients of their advertising.

35.    Plaintiff and each class member suffered damages as a result of receipt of the unsolicited faxes, in the form of paper and ink or toner consumed as a result.

36.    Defendants engaged in such conduct in the course of trade and commerce.

37.    Defendants' conduct caused recipients of their advertising to bear the cost thereof. This gave defendants an unfair competitive advantage over businesses that advertise lawfully, such as by direct mail. For example, an advertising campaign targeting one million recipients would cost $500,000 if sent by U.S. mail but only $20,000 if done by fax broadcasting. The reason is that instead of spending $480,000 on printing and mailing his ad, the fax broadcaster misappropriates the recipients' paper and ink. "Receiving a junk fax is like getting junk mail with the postage due". Remarks of Cong. Edward Markey, 135 Cong Rec E 2549, Tuesday, July 18, 1989, 101st Cong. 1st Sess.

38.    Defendants' shifting of advertising costs to plaintiff and the class members in this manner makes such practice unfair. In addition, defendants' conduct was contrary to public policy, as established by the TCPA and Illinois statutory and common law.

39.    Defendants should be enjoined from committing similar violations in the future.

## CLASS ALLEGATIONS

40.    Plaintiff brings this claim on behalf of a class, consisting of (a) all persons

and entities with Illinois fax numbers (b) who, on or after a date three years prior to the filing of this action, or such shorter period during which faxes were sent by or on behalf of defendant Brasseler U.S.A. Inc., and on or before a date 20 days following the filing of this action, (c) were sent faxes by or on behalf of defendant Brasseler U.S.A. Inc. promoting its goods or services for sale (d) and with respect to whom defendant cannot provide evidence of express consent or an established business relationship prior to the faxing.

41.    The class is so numerous that joinder of all members is impractical. Plaintiff alleges on information and belief that there are more than 40 members of the class.

42.    There are questions of law and fact common to the class that predominate over any questions affecting only individual class members.  The predominant common questions include:

a.    Whether defendants engaged in a pattern of sending unsolicited fax advertisements;

b.    Whether defendants thereby violated the TCPA;

c.    Whether defendants thereby engaged in unfair acts and practices, in violation of the ICFA.

d.    Whether defendants thereby converted the property of plaintiff.

43.    Plaintiff will fairly and adequately protect the interests of the class. Plaintiff has retained counsel experienced in handling class actions and claims involving unlawful business practices.  Neither plaintiff nor plaintiff's counsel have any interests which might cause them not to vigorously pursue this action.

44.    A class action is an appropriate method for the fair and efficient

adjudication of this controversy. The interest of class members in individually controlling the prosecution of separate claims against defendants is small because it is not economically feasible to bring individual actions.

45.     Management of this class action is likely to present significantly fewer difficulties that those presented in many class actions, e.g. for securities fraud.

WHEREFORE, plaintiff requests that the Court enter judgment in favor of plaintiff and the class and against defendants for:

a.     Appropriate damages;

b.     An injunction against the further transmission of unsolicited fax advertising;

c.     Attorney's fees, litigation expenses and costs of suit;

d.     Such other or further relief as the Court deems just and proper.

## COUNT III – CONVERSION

46.     Plaintiff incorporates ¶¶ 1-16.

47.     By sending plaintiff and the class members unsolicited faxes, defendants converted to their own use ink or toner and paper belonging to plaintiff and the class members.

48.     Immediately prior to the sending of the unsolicited faxes, plaintiff and the class members owned and had an unqualified and immediate right to the possession of the paper and ink or toner used to print the faxes.

49.     By sending the unsolicited faxes, defendants appropriated to their own use the paper and ink or toner used to print the faxes and used them in such manner as to make them unusable. Such appropriation was wrongful and without authorization.

50.   Defendants knew or should have known that such appropriation of the paper and ink or toner was wrongful and without authorization.

51.   Plaintiff and the class members were deprived of the paper and ink or toner, which could no longer be used for any other purpose.   Plaintiff and each class member thereby suffered damages as a result of receipt of the unsolicited faxes.

52.   Defendants should be enjoined from committing similar violations in the future.

## CLASS ALLEGATIONS

53.   Plaintiff brings this claim on behalf of a class, consisting of (a) all persons and entities with Illinois fax numbers (b) who, on or after a date five years prior to the filing of this action, or such shorter period during which faxes were sent by or on behalf of defendant Brasseler U.S.A. Inc., and on or before a date 20 days following the filing of this action, (c) were sent faxes by or on behalf of defendant Brasseler U.S.A. Inc. promoting its goods or services for sale (d) and with respect to whom defendant cannot provide evidence of express consent or an established business relationship prior to the faxing.

54.   The class is so numerous that joinder of all members is impractical. Plaintiff alleges on information and belief that there are more than 40 members of the class.

55.   There are questions of law and fact common to the class that predominate over any questions affecting only individual class members.   The predominant common questions include:

a.   Whether defendants engaged in a pattern of sending unsolicited fax advertisements;

10

b.    Whether defendants thereby violated the TCPA;

c.    Whether defendants thereby committed the tort of conversion;

d.    Whether defendants thereby engaged in unfair acts and practices, in

violation of the ICFA.

e.    Whether defendants thereby converted the property of plaintiff.

56.    Plaintiff will fairly and adequately protect the interests of the class.

Plaintiff has retained counsel experienced in handling class actions and claims involving

unlawful business practices.  Neither plaintiff nor plaintiff's counsel have any interests which

might cause them not to vigorously pursue this action.

57.    A class action is an appropriate method for the fair and efficient

adjudication of this controversy.  The interest of class members in individually controlling the

prosecution of separate claims against defendants is small because it is not economically feasible

to bring individual actions.

58.    Management of this class action is likely to present significantly fewer

difficulties that those presented in many class actions, e.g. for securities fraud.

WHEREFORE, plaintiff requests that the Court enter judgment in favor of

plaintiff and the class and against defendants for:

a.    Appropriate damages;

b.    An injunction against the further transmission of unsolicited fax

advertising;

c.    Costs of suit;

d.    Such other or further relief as the Court deems just and proper.

11

_____
Daniel A. Edelman

Daniel A. Edelman
Michelle R. Teggelaar
Julie Clark
Heather A. Kolbus
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
120 S. LaSalle Street, 18th floor
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)
Atty. No. 41106

12

## NOTICE OF LIEN

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards.

_____
Daniel A. Edelman

Daniel A. Edelman
EDELMAN, COMBS, LATTURNER
    & GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)

t:\20311\pleading\complaint_pleading

13

# EXHIBIT A



**BRASSELER USA**
DENTAL INSTRUMENTATION

**1 Brasseler Blvd**
**Savannah, GA. 31419**
**Phone (912) 925-8525**
**Fax (888) 610-1937**

| | |
|---|---|
| **Re:** | **Date:** 2/22/2007 |

**•Comments:**


Jason Broce
Brasseler USA
*Inside Account Manager*
*JasonBroce@BrasselerUSA.com*

# BRASSELER USA
## DENTAL INSTRUMENTATION
### 1 Brasseler Blvd, Savannah, GA 31419 (800) 841-4522

Re: BRASSELER DENTAL INTRODUCTION

Date: 02/20/2007

Dear Dental Professional,

My name is Jason, your Inside Account Manager at Brasseler USA. I would like the opportunity to introduce you to Brasseler USA's 2007 Promotions!

BRASSELER USA CURRENT PROMOS:

- Brasseler Diamonds             *(Buy 50 Get 50 Free)* MIX & MATCH

- Operative Carbides             *(Buy 100 Get 50 Free)* MIX & MATCH

- T&F carbides                   (Buy 25 get 10)

- NSK NL9000 High-Speed          *(Buy 3 Get 1 Free)* MOST TORQUE & LIGHTEST IN
  *WEIGHT ON MARKET*

- Endo Sequence Rotary Files     *(Buy 20 packs Get 5 packs Free)* MIX & MATCH

- Carbide Cutters/Diamonds Discs *(Buy 12 Get 4 Free)* MIX & MATCH

- *Procedure kits*               *( Buy 2 get 1)*

Sincerely,

Jason Broce
1(800)-841-4522 ext. 5123
JasonBroce@BrasselerUSA.com

# EXHIBIT B



**BRASSELER USA®**
DENTAL INSTRUMENTATION

**One Brasseler Blvd**
**Savannah, GA. 31419**
**Phone (912) 925-8525**
**Fax (912) 961-3282**

| **Re:** | **Date:** 7/5/2007 |
|---|---|

# Jason Broce

*Inside account Manager*
*JasonBroce@BrasselerUSA.com*

**One Brasseler Boulevard**
**Savannah, GA 31419**

| Phone | (800)-841-4522, ext 5123 |
|---|---|
| Toll Free Fax | (888)-610-1937 |
| Fax | (912) 961-3282 |

**Our Creed . . . Live the Values. Share the Vision. Manage the Business. Make Others Successful**

NOTICE: The information contained in this electronic mail transmission is intended by Brasseler USA for the use of the named individual or entity to which it is directed and may contain information that is privileged or otherwise confidential. If you have received this electronic mail transmission in error, please delete it from your system without copying or forwarding it and notify the sender of the error by reply email or by telephone so that the sender's address records can be corrected.

The fax was sent with Brasseler USA's FaxMaker server.



**BRASSELER USA**

y 2007 Promotions



*Peter Brasseler*

PETER BRASSELER Series™ Diamonds

### The Original
### Peter Brasseler Series™ Diamond Range
#### Peak Performance Based on Innovation and Ideal Design

**Medium, Coarse, Fine grit diamonds:**
Buy 25 for $6.07 each – a 20% savings
Or Buy 25 and get 25 free!
<u>**Net price $3.94 each – a 50% savings!**</u>

**Super Coarse, CRF, EF and UF grit diamonds:**
Buy 25 for $7.11 each – a 20% savings
Or Buy 25 and get 25 free!
<u>**Net price $4.45 each – a 50% savings!**</u>

---

*Did you know that many of our Operative Carbides are available in bulk packs of 100? <u>Ask me for a list of available burs and sizes!</u>*

| | |
|---|---|
| 25 Operative carbides | $1.27 each  - a 15% savings |
| 50 Operative carbides | $1.19 each  - a 20% savings |
| 100 Operative carbides | $1.12 each  - a 25% savings |

**100 pack bulk packs  $97.00 (that's just 97 cents each!)**



## A 35% savings!

---

To place an order, Call <u>**Jason**</u>
800-841-4522       **Ext 5123**

<u>Expect The Best. Buy Direct</u>



**BRASSELER USA**

The fax was sent with Brasseler USA's FaxMaker server.

Expect The Best. Buy Direct

**BRASSELER USA**

The fax was sent with Brasseler USA's FaxMaker server.

# EXHIBIT C

**BRASSELER USA**

1-800-841-4522 ext 5123

## August 2007 Promotions



PETER BRASSELER Series™ Diamonds

### The Original
### Peter Brasseler Series™ Diamond Range
*Peak Performance Based on Innovation and Ideal Design*

**Medium, Coarse, Fine grit diamonds**:
Buy 25 for $6.07 each — a 20% savings
Or Buy 25 and get 25 free!
*Net price $3.94 each – a 50% savings!*

**Super Coarse, CRF, EF and UF grit diamonds**:
Buy 25 for $7.11 each – a 20% savings
Or Buy 25 and get 25 free!
*Net price $4.45 each – a 50% savings!*

*Did you know that many of our Operative Carbides are available in bulk packs of 100? Ask me for a list of available burs and sizes!*

25 Operative carbides    $1.27 each  - a 15% savings
50 Operative carbides    $1.19 each  - a 20% savings
100 Operative carbides   $1.12 each  - a 25% savings

**100 pack bulk packs  $97.00 (that's just 97 cents each!)**



# A 35% savings!

To place an order, Jason
800-841-4522    Ext 5123
JasonBroce@BrasselerUSA.com

Expect The Best. Buy Direct



**BRASSELER USA**

The fax was sent with Brasseler USA's FaxMaker server.

Expect The Best. Buy Direct



The fax was sent with Brasseler USA's FaxMaker server.

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, CHANCERY DIVISION

THOMAS KRULL, D.D.S., P.C.,               )
                                          )
                    Plaintiff,            )        No. 07 CH 27450
                                          )
v.                                        )
                                          )
BRASSELER U.S.A., INC.                    )
and JOHN DOES 1-10                        )
                                          )
                    Defendants.           )

### NOTICE OF FILING NOTICE OF REMOVAL

TO:   Clerk of the Circuit Court          Daniel A. Edelman
      Cook County, Illinois               Cathleen M. Combs
      Richard Daley Center                James A. Latturner
      50 W. Washington St.                Tara L. Goodwin
      Chicago, IL 60602                   Julie Clark
                                          Edelman, Combs, Latturner & Goodwin, LLC
                                          120 S. LaSalle St., 18th Fl.
                                          Chicago, IL 60603

    PLEASE TAKE NOTICE that on November 2, 2007, Defendant Brasseler U.S.A., Inc., a corporation, filed in the United States District Court for the Northern District of Illinois, Eastern Division, a Notice of Removal of the cause styled: *Thomas Krull, D.D.S., Inc., v. Brasseler U.S.A., Inc., et al.,* bearing Case No. 07 CH 27450, Circuit Court of Cook County, Illinois, Chancery Division, from Illinois state court to the District Court of the United States for the Northern District of Illinois, Eastern Division, a true and correct copy of which is attached hereto.

    PLEASE TAKE FURTHER NOTICE that the filing of the Notice of Removal in the United States District Court for the Northern District of Illinois and the filing of this Notice effect the removal of this action, and the above-captioned action may proceed no further in the Circuit Court of Cook County, Illinois, Chancery Division unless and until the case is remanded.

Dated: November 2, 2007                   BRASSELER U.S.A., INC.
                                          Defendant,


                                          By: _____
                                                  One of its Attorneys



Alan I. Becker  (00147524)
Stephanie W. Tipton (06270738)
LITCHFIELD CAVO, LLP
303 West Madison Street, Suite 300
Chicago, IL  60606
312-781-6622 (Becker)
312-781-6636 (Tipton)
312-781-6630 (fax)

## CERTIFICATE OF SERVICE

I, Stephanie W. Tipton, an attorney, under oath, certify that I served a copy of the **Notice of Filing Notice of Removal** and attached **Notice of Removal** upon:

Clerk of the Circuit Court      Daniel A. Edelman
Cook County, Illinois           Cathleen M. Combs
Richard Daley Center         James A. Latturner
50 W. Washington St.         Tara L. Goodwin
Chicago, IL 60602            Julie Clark
                            Edelman, Combs, Latturner & Goodwin, LLC
                            120 S. LaSalle St., 18th Fl.
                            Chicago, IL 60603

by causing copies of same to be placed in the U.S. mail, postage prepaid, this 2nd day of November, 2007.

Stephanie W. Tipton



IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| THOMAS KRULL, D.D.S., P.C., | ) | |
| | ) | **07CV6215** |
| Plaintiff, | ) | **JUDGE CONLON** |
| | ) | **MAG. JUDGE COX** |
| v. | ) | |
| | ) | |
| BRASSELER U.S.A., INC., | ) | |
| and JOHN DOES 1-10 | ) | |
| | ) | |
| Defendants. | ) | |

## NOTICE OF FILING

TO:　Clerk of the Circuit Court　　　Daniel A. Edelman
　　　Cook County, Illinois　　　　　Cathleen M. Combs
　　　Richard Daley Center　　　　　James A. Latturner
　　　50 W. Washington St.　　　　　Tara L. Goodwin
　　　Chicago, IL 60602　　　　　　 Julie Clark
　　　　　　　　　　　　　　　　　　Edelman, Combs, Latturner & Goodwin, LLC
　　　　　　　　　　　　　　　　　　120 S. LaSalle St., 18th Fl.
　　　　　　　　　　　　　　　　　　Chicago, IL 60603

　　　PLEASE TAKE NOTICE that on November 2, 2007 the undersigned filed with the Clerk of the United States District Court for the Northern District of Illinois, Eastern Division, Publication Resources, Inc.'s **Notice of Removal,** a true and correct copy of which is attached hereto and hereby served upon you.

Dated: November 2, 2007

　　　　　　　　　　　　　　　　BRASSELER U.S.A., INC.
　　　　　　　　　　　　　　　　Defendant,

　　　　　　　　　　　　　　　　By:
　　　　　　　　　　　　　　　　　　One of its Attorneys

Alan I. Becker  (00147524)
Stephanie W. Tipton (06270738)
LITCHFIELD CAVO, LLP
303 West Madison Street, Suite 300
Chicago, IL  60606
312-781-6622 (Becker)
312-781-6636 (Tipton)
312-781-6630 (fax)

**ᴸFILED**

NOV - 2 2007

**MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT**

## CERTIFICATE OF SERVICE

I, Stephanie W. Tipton, an attorney, under oath, certify that I served a copy of the **Notice of Filing** and attached **Notice of Removal** upon:

Clerk of the Circuit Court
Cook County, Illinois
Richard Daley Center
50 W. Washington St.
Chicago, IL 60602

Daniel A. Edelman
Cathleen M. Combs
James A. Latturner
Tara L. Goodwin
Julie Clark
Edelman, Combs, Latturner & Goodwin, LLC
120 S. LaSalle St., 18th Fl.
Chicago, IL 60603

by causing copies of same to be placed in the U.S. mail, postage prepaid, this 2nd day of November, 2007.

Stephanie W. Tipton