**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| THOMAS KRULL, D.D.S., P.C., | ) | |
| | ) | |
| Plaintiff, | ) | No. 07-6215 |
| | ) | |
| v. | ) | Judge Suzanne B. Conlon |
| | ) | |
| BRASSELER U.S.A., INC. | ) | Magistrate Susan E. Cox |
| and JOHN DOES 1-10 | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT BRASSELER U.S.A., INC.'S
ANSWER TO AMENDED COMPLAINT – CLASS ACTION**

Defendant BRASSELER U.S.A., INC. ("Brasseler"), by its attorneys for its Answer to Plaintiff Thomas Krull, D.D.S., P.C.'s Class Action Amended Complaint, states as follows:

1.      Plaintiff Thomas Krull, D.D.S., P.C. brings this action to secure redress for the actions of defendant Brasseler U.S.A. Inc. in sending or causing the sending of unsolicited advertisements to telephone facsimile machines in violation of the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA").

**ANSWER**:      Paragraph 1 is a legal conclusion to which no answer is required. To the extent that an answer is required, Defendant denies the allegations contained in ¶ 1.


2.      The TCPA expressly prohibits unsolicited fax advertising. Unsolicited fax advertising damages the recipients. The recipient is deprived of its paper and ink or toner and the use of its fax machine. The recipient also wastes valuable time it would have spent on something else. Unsolicited faxes prevent fax machines from receiving and sending authorized faxes, cause wear and tear on fax machines, and require labor to attempt to identity the source

and purpose of the unsolicited faxes.

**ANSWER**:    Paragraph 2 is a legal conclusion to which no answer is required. To the extent that an answer is required, Defendant denies the allegations contained in ¶ 2.

## PARTIES

3.    Plaintiff Thomas Krull, D.D.S., P.C. is a corporation with offices at 6320 West 159th Street, Suite B, Oak Forest, IL, 60452 where it maintains telephone facsimile equipment.

**ANSWER**:    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶3.

4.    Defendant Brasseler U.S.A. Inc. is a Georgia corporation that has offices at One Brasseler Blvd., Savannah, GA 31419.  Its registered agent and office are Lisa Larue 4837 McGrath Street, Suite J, Ventura, CA 93003.

**ANSWER**:    Defendant admits the allegations contained in ¶ 4.

5.    Defendants John Does 1-10 are other natural or artificial persons that were involved in the sending of the facsimile advertisements described below.  Plaintiff does not know who they are.

**ANSWER**: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 5.

## JURISDICTION AND VENUE

6.    This Court has subject-matter jurisdiction under 28 U.S.C. § 1331.

**ANSWER**:    Defendant admits the allegations contained in ¶ 6.

2

7.    Personal jurisdiction and venue are proper in this district in that defendants:

a.    Have committed tortious acts in Illinois by causing the transmission of unlawful communications into the state.

b.    Have transacted business in Illinois.

**ANSWER**:    Defendant admits that this Court has jurisdiction over this matter and that venue is proper in this district but denies the remaining allegations contained in ¶ 7.

### FACTS

8.    On February 22, 2007, plaintiff received the unsolicited fax advertisement attached as Exhibit A on its facsimile machine.

**ANSWER**:    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 8.


9.    On July 5, 2007, plaintiff received the unsolicited fax advertisement attached as Exhibit B on its facsimile machine.

**ANSWER**:    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 9.


10.    On August 7, 2007, plaintiff received the unsolicited fax advertisement attached as Exhibit C on its facsimile machine.

**ANSWER**:    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 10.


11.    Discovery may reveal the transmission of additional faxes as well.

**ANSWER**:     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 11.


12.     Defendant Brasseler U.S.A. Inc. is responsible for sending or causing the sending of the faxes.

**ANSWER**:     Defendant admits to sending Exhibits A, B and C.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in ¶ 12.


13.     Defendant Brasseler U.S.A. Inc. as the entity whose products or services were advertised in the faxes, derived economic benefit from the sending of the faxes.

**ANSWER**:     Defendant admits to sending Exhibits A, B and C, which are the best evidence of their content.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in ¶ 13.


14.     Plaintiff had no prior relationship with defendant and had not authorized the sending of fax advertisements to plaintiff.

**ANSWER**:     Defendant denies the allegations contained in ¶ 14.


15.     On information and belief, the faxes attached hereto were sent as part of a mass broadcasting of faxes.

**ANSWER**:     Defendant lacks sufficient knowledge or information to answer this paragraph, as the phrase "mass broadcasting of faxes" is ambiguous; therefore it denies the allegations

contained in ¶ 15.

16.     On information and belief, defendants have transmitted similar unsolicited fax advertisements to at least 40 other persons in Illinois.

**ANSWER**:     Defendant denies the allegations contained in ¶ 16.


17.     There is no reasonable means for plaintiff or other recipients of defendants' unsolicited advertising faxes to avoid receiving illegal faxes.  Fax machines must be left on and ready to receive the urgent communications authorized by their owners.

**ANSWER**:     Defendant denies the allegations contained in ¶ 17.


## COUNT I - TCPA

18.     Plaintiff incorporates ¶¶ 1-17.

**ANSWER**:     Defendant incorporates its Answers to Paragraphs 1-17 as if fully stated here.


19.     The TCPA makes unlawful the "use of any telephone facsimile machine, computer or other device to send an unsolicited advertisement to a telephone facsimile machine …" 47 U.S.C. §227(b)(1)(C).

**ANSWER**:     Defendant neither admits nor denies the allegations contained in ¶ 19, as 47 U.S.C. §227(b)(1)(C) speaks for itself, and Plaintiff's characterization is a conclusion of law to which no response is required.


20.     The TCPA, 47 U.S.C. §227(b)(3), provides:

**Private right of action.**

**A person or entity may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State-**

> **(A)     an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,**

> **(B)     an action to recover for actual monetary loss front such a violation, or to receive $500 in damages for each such violation, whichever is greater, or**

> **(C)     both such actions.**

**If the Court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under the subparagraph (B) of this paragraph.**

**ANSWER**:     Defendant neither admits nor denies the allegations contained in ¶ 20, as 47 U.S.C. §227(b)(3) speaks for itself, and Plaintiff's characterization is a conclusion of law to which no response is required.


21.     Plaintiff and each class member suffered damages as a result of receipt of the unsolicited faxes, in the form of paper and ink or toner consumed as a result.  Furthermore, plaintiff's statutory right of privacy was invaded.

**ANSWER**:     Paragraph 21 is a legal conclusion to which no answer is required. To the extent that an answer is required, Defendant denies the allegations contained in ¶ 21.


22.     Plaintiff and each class member is entitled to statutory damages.

**ANSWER**:     Paragraph 22 is a legal conclusion to which no answer is required. To the extent that an answer is required, Defendant denies the allegations contained in ¶ 22.

23.     Defendants violated the TCPA even if their actions were only negligent.

**ANSWER**:     Paragraph 23 is a legal conclusion to which no answer is required. To the extent that an answer is required, Defendant denies the allegations contained in ¶ 23.

24.     Defendants should be enjoined from committing similar violations in the future.

**ANSWER**:     Paragraph 24 is a legal conclusion to which no answer is required. To the extent that an answer is required, Defendant denies the allegations contained in ¶ 24.

## CLASS ALLEGATIONS

25.     Plaintiff brings this claim on behalf of a class, pursuant to Fed. R. Civ. P. 23, consisting of (a) all persons and entities with Illinois fax numbers (b) who, on or after a date four years prior to the filing of this action (28 U.S.C. § 1658), or such shorter period during which faxes were sent by or on behalf of defendant Brasseler U.S.A. Inc., and on or before a date 20 days following the filing of this action, (c) were sent faxes by or on behalf of defendant Brasseler U.S.A. Inc. promoting its goods or services for sale (d) and with respect to whom defendant cannot provide evidence of express consent or an established business relationship prior to the faxing.

**ANSWER**:     Defendant denies the allegations contained in ¶ 25.

26.     The class is so numerous that joinder of all members is impractical. Plaintiff alleges on information and belief that there are more than 40 members of the class.

**ANSWER**:     Defendant denies the allegations contained in ¶ 26.

27.    There are questions of law and fact common to the class that predominate over any questions affecting only individual class members.   The predominant common questions include:

a.    Whether defendants engaged in a pattern of sending unsolicited fax advertisements;

b.    The manner in which defendants compiled or obtained their list of fax numbers; and

c.    Whether defendants thereby violated the TCPA.

**ANSWER**:    Defendant denies the allegations contained in ¶ 27.


28.    Plaintiff will fairly and adequately protect the interests of the class.  Plaintiff has retained counsel experienced in handling class actions and claims involving unlawful business practices.  Neither plaintiff nor plaintiff's counsel have any interests which might cause them not to vigorously pursue this action.

**ANSWER**:    Defendant denies the allegations contained in ¶ 28.


29.    Plaintiff's claim is typical of the claims of the class members.  All are based on the same factual and legal theories.

**ANSWER**:    Defendant denies the allegations contained in ¶ 29.


30.    A class action is superior to other alternative methods of adjudicating this dispute. The interests of class members in individually controlling the prosecution of separate claims against defendants is small because it is not economically feasible to bring individual actions.

**ANSWER**:     Defendant denies the allegations contained in ¶ 30.


31.     Several courts have certified class actions under the TCPA, <u>Travel 100 Group.</u>

<u>Inc. v. Empire Cooler Service, Inc.</u>, 03 CH 14510 (Cook Co. Cir. Ct., Oct. 19, 2004); <u>Rawson v.</u>

<u>C.P. Partners LLC</u>, 03 CH 14510 (Cook Co. Cir. Ct., Sept. 30. 2005); <u>ESI Ergonomic Solutions.</u>

<u>LLC v. United Artists Theatre Circuit. Inc.</u>, 50 P.3d 844 (Ariz. App. 2002); <u>Funding Group, LLC</u>

<u>v. Young</u>, 792 N.E.2d 547 (Ind.App. 2003); <u>Nicholson v. Hooters of Augusta. Inc.</u>, 245 Ga.App.

363, 537 S.E.2d 468 (2000) (private class actions); <u>see</u> <u>State of Texas v. American Blast Fax,</u>

<u>Inc.</u>, 164 F. Supp. 2d 892 (W.D. Tex. 2001) (state enforcement action).

**ANSWER**:     Defendant neither admits nor denies the allegations contained in ¶ 31, as the cited

cases speaks for themselves and none of them are binding precedent on this Court.


32.     Management of this class action is likely to present significantly fewer difficulties

that those presented in many class actions, e.g. for securities fraud.

**ANSWER**:     Defendant denies the allegations contained in ¶ 32.

Respectfully submitted,


By:     /s/ Stephanie W. Tipton
One of Its Attorneys

Alan I. Becker (00147524)
Stephanie W. Tipton (06270738)
LITCHFIELD CAVO, LLP
303 West Madison Street, Suite 300
Chicago, IL  60606
312-781-6622 (Becker)
312-781-6636 (Tipton)
312-781-6630 (fax)

## <u>CERTIFICATE OF SERVICE</u>

I, Stephanie W. Tipton, an attorney, under oath, certify that I served a copy of Defendant's Answer to Plaintiff's Amended Complaint on this 4h day of December, 2007 upon:

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Heather A. Kolbus
Edelman, Combs, Latturner & Goodwin, LLC
120 S. LaSalle St., 18th Floor
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 Fax


　　　　　/s/ Stephanie W. Tipton
Stephanie W. Tipton